NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 6 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HUGO MARTINEZ-DAVALOS,<br><br>        Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>        Respondent. | No.   19-70731<br><br>Agency No. A092-232-127<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 12, 2021
Pasadena, California

Before: PAEZ and VANDYKE, Circuit Judges, and KORMAN,[**] District Judge.

This case has a complicated procedural history with which the parties are familiar, and we repeat it only as necessary. Petitioner is a native and citizen of Mexico seeking deferral of removal under the Convention Against Torture (CAT). While living in the United States as a lawful permanent resident, petitioner was

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

1

convicted of an aggravated felony and became an informant for state and federal law enforcement agencies. Petitioner feared retaliation and fled the country for Mexicali, Mexico. There, two men took his money and United States permanent resident card. Locals told petitioner the two men were police officers. At subsequent encounters the men held a knife and gun to petitioner's stomach while asking him to work for them, but they did not tell him what they planned to do if he refused. Petitioner fled to the United States and claimed CAT protection, but he was removed to Mexico after the Board of Immigration Appeals (BIA) reversed an Immigration Judge's (IJ) holding in his favor.

Petitioner moved to the town of San Quintín, Mexico on the advice of a man named Adan Romo. At one point, petitioner used the computer at a Romo-owned hotel to look up the number for an agent of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, which he believed Romo later discovered. Petitioner learned that Romo was a drug trafficker and was looking for someone to blame for the loss of a shipment. Romo showed petitioner violent movies, which petitioner took as a threat. Petitioner believed he was being followed and left town, eventually fleeing back to the United States. On remand from this Court, *Martinez-Davalos v. Lynch*, 669 F. App'x 489, 491 (9th Cir. 2016), the IJ found that petitioner failed to establish past torture or a sufficient likelihood of future torture, and the BIA affirmed. This petition for review followed. We have jurisdiction pursuant to

2

8 U.S.C. § 1252(a)(1), and we deny the petition.

To qualify for CAT protection, petitioner must show "both a greater than 50 percent likelihood that he will be tortured and that a public official would inflict, instigate, consent to or acquiesce in that torture." *Madrigal v. Holder*, 716 F.3d 499, 508 (9th Cir. 2013) (citation omitted); *see* 8 C.F.R. § 1208.18(a)(1). "Torture is an extreme form of cruel and inhuman treatment" that includes "prolonged mental harm . . . resulting from . . . [t]he intentional infliction or threatened infliction of severe physical pain or suffering" or "[t]he threat of imminent death." 8 C.F.R. § 1208.18(a)(2), (4). Whether an applicant has been tortured in the past is "ordinarily the principal factor" used to assess the likelihood of future torture. *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1080 (9th Cir. 2015) (internal quotation omitted).

1. Substantial evidence supports the Agency's conclusion that petitioner failed to show past torture. 8 U.S.C. § 1252(b)(4)(B); *Guo v. Sessions*, 897 F.3d 1208, 1212 (9th Cir. 2018). Petitioner's encounters with armed men in Mexicali were brief, and the Agency reasonably concluded that the men intended to frighten petitioner into working for them rather than threatening him with death or severe physical harm. *Cf. Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027, 1029–30 (9th Cir. 2019) (evidence that petitioner was approached by "seven armed sicarios" who wanted him to accept a bribe and threatened to kill him if he refused was insufficient

3

to compel a conclusion of past torture).  Romo's conduct toward petitioner was ambiguous, and he never made any direct threat against him.  Moreover, there was no evidence indicating state involvement or acquiescence in Romo's conduct. *See Madrigal*, 716 F.3d at 508.  In both cases, petitioner avoided further contact by relocating to another part of Mexico.  *See* 8 C.F.R. § 1208.16(c)(3).

2.     Substantial evidence also supports the Agency's conclusion that petitioner failed to show a likelihood of future torture.  "[G]eneralized evidence of violence and crime in Mexico is not particular to [petitioner] and is insufficient to. . . . establish prima facie eligibility for protection under the CAT." *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam).

3.     Petitioner also challenges the IJ's jurisdiction over him because the Notice to Appear served on him did not list the date, time, and location of his hearing.  Even assuming that argument is properly before this Court, it is foreclosed by *Karingithi v. Whitaker*, 913 F.3d 1158, 1162 (9th Cir. 2019), because petitioner received subsequent notices which did list the date, time, and location of his hearing.

**DENIED**.

4